IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

PRECISION FRANCHISING, LLC,       )
                                  )
            Plaintiff,            )
                                  )
    v.                            )    1:18-cv-582 (LMB/TCB)
                                  )
DISTRICT HEIGHTS CCS LLC, et al., )
                                  )
            Defendants.           )

ORDER

Before the Court is a Report and Recommendation ("Report") issued by a magistrate judge on August 29, 2018 [Dkt. No. 16], which recommended that Precision Franchising LLC's ("PFL" or "plaintiff") Motion for Default Judgment [Dkt. No. 8] be granted and that plaintiff be awarded $318,325.33 in damages jointly and severally against defendants District Heights CCS LLC ("DHCCS") and Sean Alewine ("Alewine") (collectively "defendants"). See Report at 14. The parties were advised that any objections to the Report had to be filed within 14 days and that failure to file a timely objection waived the right to appeal the substance of the Report and any judgment based upon the Report. As of September 25, 2018, no party has filed an objection. The Court has reviewed the Report, plaintiff's Motion for Default Judgment, and the case file and adopts the Report in all substantial respects.

In a two-count complaint, plaintiff alleged that defendants breached the Franchise Agreement by 1) ceasing operation of the Precision Tune automotive service center (the "Center") and selling it to a competing auto repair business without obtaining PFL's prior written consent or affording it its right of first refusal and 2) by failing to make required marketing

expenditures. Complaint ("Compl.") [Dkt. No. 1] ¶¶ 32, 35. Plaintiff is the franchisor of the Precision Tune Auto Care system, engaged in the business of franchising independent business persons to operate automotive service centers identified with the Precision Tune Auto Care system. Id. ¶ 8. On December 9, 2013, Defendant DHCCS entered into a Franchise Agreement with PFL for the operation of the Center in Maryland. Id. ¶ 9; see also Compl., Exhibit A [Dkt. No. 1-1] ("Franchise Agreement").[1] Pursuant to Paragraph 13.1 of the Franchise Agreement, DHCCS agreed to pay PLF advertising fees equal to 9% of its weekly gross sales. Id. ¶ 16.[2] Section 16.1 of the Franchise Agreement stated that PFL's "express prior written consent is a necessary condition precedent to the sale, transfer, or conveyance of all or substantially all of the assets" of DHCCS, and Section 16.4 gave PFL a right of first refusal. Id. ¶¶ 18–19. The Franchise Agreement was to expire on December 9, 2023. Plaintiff's Motion for Default Judgment [Dkt. No. 8] ¶ 5; Franchise Agreement ¶ 3.1. In May 2018, a representative for defendants informed PFL that they had ceased operation of the Center and had sold the assets and real property to a competing auto repair business. Compl. ¶ 25. On May 16, 2018, PFL sent defendants a Notice of Default and Termination, thereby terminating the Franchise Agreement effective immediately, id. ¶ 29, and filed its Complaint with this Court. Dkt. No. 1.

The magistrate judge correctly determined that the Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because it involves a dispute between citizens of different states and the amount in controversy exceeds $75,000. In this case, plaintiff is a

---

[1] On that same day, Defendant Alewine also executed a Guaranty Agreement, personally guaranteeing DHCCS's obligations under the Franchise Agreement. Id. ¶ 11; Compl., Exhibit C [Dkt. No. 1-3].
[2] The current fee payable to the National Fund was 1.5% of weekly gross sales, so DHCCS was required to contribute 7.5% to local advertising and promotion, for a total of 9% of weekly gross sales. Franchise Agreement ¶ 13.2.4.

2

Virginia limited liability company, wholly owned by a Virginia corporation, with its principal place of business in Leesburg, Virginia. Id. ¶ 3. Defendant DHCCS is a Maryland limited liability corporation, wholly owned by defendant Alewine, a resident of Maryland. Id. ¶ 4. The amount sought exceeds $75,000. Id. ¶¶ 33, 36. The Court has personal jurisdiction over defendants because they maintained sufficient minimum contacts with Virginia and entered into a Franchise Agreement by which they agreed to submit to the jurisdiction of this Court. Id. ¶ 6; Franchise Agreement ¶ 26.1. Venue is proper through 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims resulted in harm to plaintiff in this district and defendants agreed to submit to the venue of this Court in the Franchise Agreement. Id. ¶ 7, Franchise Agreement ¶ 26.1. Process was served on defendant Alewine, the sole member and owner of DHCCS, by a private process server on May 24, 2018. Dkt. No. 4.

On June 25, 2018, the Clerk of the Court entered a default against DHCCS and Alewine. Dkt. No. 7. On July 17, 2018, plaintiff moved for a default judgment as to both defendants. Dkt. No. 8. On August 10, 2018, the magistrate judge held a hearing on plaintiff's Motion for Default Judgment, which no representative for DHCCS or Alewine attended. Dkt. No. 14. As of September 25, 2018, no responsive pleadings or other responses to plaintiff's Complaint or Motion for Default Judgment have been filed by DHCCS, Alewine, or anyone on their behalf.

The Court finds that the magistrate judge properly concluded that defendants have breached the Franchise Agreement. Report at 10. Virginia common law applies to the breach of contract claims because the Franchise Agreement states that all claims related to this Agreement shall be "governed, enforced, and interpreted under the laws of the Commonwealth of Virginia." ¶ 26.1. In Virginia, to maintain a common law claim for breach of contract, a plaintiff must prove: 1) a legally enforceable obligation of defendant to a plaintiff, 2) the defendant's violation

or breach of that obligation, and 3) injury or damage to the plaintiff caused by the breach of obligation. Ramos v. Wells Fargo Bank, NA, 289 Va. 321, 323 (2015) (citing Filak v. George, 267 Va. 612, 619 (2004)). First, plaintiff has established that defendants owed plaintiff legally enforceable obligations under the Franchise and Guaranty Agreements. Report at 10–11. Second, plaintiff has established that defendants breached those obligations by failing to sell their Center in accordance with the Franchise Agreement and by failing to make the advertising expenditures required by the Franchise Agreement. Id. at 11. Third, plaintiff has established that defendants' breaches caused it damage. Id. For these reasons, the Report recommends granting default judgment in favor of plaintiff for both breach of contract claims. Id. This Court agrees.

The magistrate judge properly calculated the amount of damages due to plaintiff to be $318,325.33. Id. Plaintiff's damages consist of $181,469.82 in future lost profits and $136,855.52 in lost advertising expenditures.[3] Damages for future lost profits were properly calculated in accordance with a liquidated damages clause in the Franchise Agreement. ¶ 17.1.5.[4] Damages for defendants' failure to make required advertising expenditures were properly calculated as the difference between what defendants were required to spend under the Franchise Agreement and what was actually spent.[5] For all these reasons, the recommendation is accepted.

---

[3] The Report notes that these numbers total $318,325.34 and conclude that plaintiff is waiving recovery of the additional $0.01. Id. at 11 n.2. In addition, plaintiff is waving recovery of its attorney's fees and costs. Id. at 12 n.3; Notice Regarding Attorney's Fees and Costs by Precision Franchising, LLC [Dkt. No. 15].

[4] Future lost profits equal the number of weeks remaining through DHCCS's then-current term, multiplied by the greater of (i) $300 or (ii) 7.5% of gross sales per week, discounted 20%. The current term began on May 6, 2018 and would run through December 9, 2023. Gross sales were averaging $10,357.80 per week. Declaration of Robert Falconi in Support of Plaintiff's Motion for Default Judgment [Dkt. No. 8-5] ¶¶ 4–6.

[5] As plaintiff spent 1.5% on national advertising, defendants were required to spend 7.5% of gross sales on local advertising and promotion, for a total of 9% of gross sales on advertising, but only spent 2.5%. DHCCS's gross sales were $2,737,110.41. Declaration of Robert Falconi in Support of Plaintiff's Motion for Default Judgment [Dkt. No. 8-5] ¶¶ 9–11.

4

Accordingly, for the reasons stated above, plaintiff's Motion for Default Judgment [Dkt. No. 8] is GRANTED, and it is hereby

ORDERED that a default judgment in the total amount of $318,325.33 be and is entered jointly and severally against DHCCS and Alewine for breach of contract.

To appeal this decision, defendants must file a written Notice of Appeal with the Clerk of this court within thirty (30) days of receipt of this Order. Failure to file a timely Notice of Appeal waives the right to appeal this decision.

The Clerk is directed to enter final judgment in plaintiff's favor pursuant to Fed. R. Civ. P. 55 and forward copies of this Order to counsel of record and defendants.

Entered this 25th day of September, 2018.

Alexandria, Virginia

/s/ _____
Leonie M. Brinkema
United States District Judge